18413.   CITY OF SYLVANIA *v.* MILLER.

Submitted November 10, 1953—Decided January 12, 1954.

*Howard & Hunter,* for plaintiff in error.
*Hollingsworth & Hollingsworth,* contra.

WORRILL, Justice. 1, 2, 4, 5. The rulings announced in the first, second, fourth, and fifth headnotes do not require elaboration.

3. The third special ground complains because the trial court, after charging that the burden of proving the petitioner's case was upon her, instructed the jury: "Likewise, the same burden rests upon the defendant in this case to satisfy the jury by a preponderance of the evidence of their contentions, that is, that they have not trespassed upon any of the property of the plaintiff in this case."

It is plain from the record that, on the trial of the case, the principal issue was as to whether or not the city had title to the strip of land in question by dedication and prescription, and therefore the acts complained of did not constitute a trespass. The trial court fully instructed the jury that the city contended that it had not trespassed upon the land of the petitioner because of its assertion of title as above stated. It must be admitted that, after the court, in the excerpt complained of, used the word "contentions," it was inapt to merely characterize such contentions as a denial that the city had "trespassed upon any of the property of the plaintiff in this case," without explaining that the city was making such denial because of the affirmative contention that it had title by dedication and by prescription. However, it cannot reasonably be said, in view of the presented issue of title as claimed by the city and the instruction by the court in this connection, that in the isolated instance complained of the court confused the jury into thinking that the contentions of the city amounted merely to a denial of the acts complained of and not its assertion of title as claimed, the burden of establishing which rested upon the city. Code § 38-103; *Brown* v. *Caraker,* 147 *Ga.* 498 (5a) (94 S. E. 759); *Hyde* v. *Chappell,* 194 *Ga.* 536 (1) (22 S. E. 2d 313). Accordingly, while the latter portion of the excerpt from the charge standing alone was inapt, yet, when

considered in connection with the entire charge and the issue upon which the case was tried, it was not harmful and reversible error.

The present case is distinguished by its facts from *Wooten* v. *Morris*, 175 *Ga.* 290 (3) (165 S. E. 626), which is relied upon by the city, but did not involve an affirmative negation.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*