39706. STATE HIGHWAY DEPARTMENT v. WELDON et al.

DECIDED DECEMBER 5, 1962.

*Eugene Cook, Attorney General, Carter Goode, Paul Miller, E. J. Summerour, Assistant Attorneys General, William J. Gibbons, Asa D. Kelley, Jr., Deputy Assistant Attorneys General, S. B. McCall,* for plaintiff in error.

*Edward Parrish, W. E. Rice, James B. Whiddon,* contra.

FELTON, Chief Judge. 1. There was no evidence to authorize the jury's verdict. The witness for the condemnor testified that in his opinion the value of the land taken was $1,402.20 and that there was no consequential damage to the remaining property. The only witness who testified in behalf of the condemnee testified that the market value of the *entire* tract before the taking was $16,000 and that the value of the *entire* tract after the taking was $7,500. This is not the measure of damage in such a case under the law. The measure of damage is the value of the land taken and the consequential damage, if any, to the remainder of the land. This legal damage, including all elements, cannot be computed from the condemnee's witness' testimony. Under the evidence the damage of $4,200, fixed by the jury, is excessive and unauthorized.

2. Special grounds 4, 5 and 6 except to charges of the court which are substantially the same in meaning, though different in language, so one ruling will suffice for all three grounds. The judge charged the jury that in estimating the value of the agricultural land being taken they could consider all other legitimate purposes for which the property could be used. There was no evidence that the land involved could be used for any purpose other than farm purposes and no evidence from which the jury could infer that there was any reasonable probability that the land could be used for any other than farming purposes. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (76 SE 387, AC 1914A 880). The court erred in giving in charge the three excerpts complained of.

3. Grounds 7 and 8 of the amended motion complain of the admission of testimony relating to the general harmful effect of ditches on or near farm property, some deep and narrow, some not very deep but wide. In passing on the admissibility of this testimony it is necessary to look at the evidence as a whole. The condemnor offered two witnesses who testified

that the condemnation caused no consequential damages to the rest of the condemnee's farm. One of these witnesses stated on cross-examination that the State Highway Department had made studies to find out whether right of way ditches caused adjacent fields to dry out and be less productive, but the studies were inconclusive. The other witness on cross-examination testified over objection (Ground 7) that ditches along the highway right of way would dry the cultivated land. This witness later answered a hypothetical question, stating that such a twelve-inch ditch would affect the productivity of the condemnee's property. Then he stated that he was "no expert" on a five-foot ditch, but on further questioning (ground 8) stated that he had previously said that he had seen farms that he thought it had affected pretty bad. Thereafter a witness for the condemnee, who was farming the land in question, gave testimony to the effect that the right of way ditches caused the condemnee's land to dry out and the crops not to come up, and that this affected the value of the remaining land.

It appears that the testimony complained of was offered to impeach the witness and discredit his opinion that there were no consequential damages to the condemnee's land. It was within the discretion of the trial judge to admit such testimony on cross-examination. *Code* § 38-1705; *Mitchell v. State,* 71 Ga. 128, 129; *Lane Drug Stores v. Brooks,* 70 Ga. App. 878, 889 (29 SE2d 716). And in view of the evidence as a whole, particularly that to the effect that a twelve-inch ditch would and did affect the productivity of the condemnee's land, we cannot see how the testimony complained of was harmful to the condemnor.

The court erred in overruling the motion for new trial.

*Judgment reversed. Bell and Hall, JJ., concur.*