### 40839.   STATE HIGHWAY DEPARTMENT v. MANN et al.

DECIDED OCTOBER 1, 1964.

*Eugene Cook, Attorney General, Richard L. Chambers, Horace E. Campbell, Jr., Assistant Attorneys General, John A. Smith,* for plaintiff in error.

*George Richard Jacob,* contra.

FELTON, Chief Judge.  This proceeding was to condemn an interest in real property. The only questions before the special master concerning the value of property sought to be condemned were (1) the value of the land to be taken and the consequential damage to the remaining land (not taken). On appeal the issues were the same and under present provisions of the law no question of damage to personal property was at issue and the court erred in admitting evidence that the damage to personal property done in connection with the building of public improvements, for which the land was taken, was $2,300. It would seem that the remedy of the condemnee for damage to

personal property is an action under the constitutional provision for damages to property or a suit in equity to settle all issues in one action to avoid a multiplicity of suits. We know of no law permitting the recovery of damages to personalty as such on appeal of a finding by the special master fixing value of real property alone. The fact that the appeal was tried at a time when the damage to personal property had become ascertainable does not alter the fact that there is no provision of law for claiming damages to personalty in such a proceeding. *McArthur v. State Hwy. Dept.*, 85 Ga. App. 500 (69 SE2d 781).

■ The verdict of the jury was excessive because the only legal evidence as to the value of the land taken and consequential damages to the remainder showed a maximum of $2,512.60. The jury found $11,000 for all damages, including that to personal property. The only evidence presented by the condemnee, insofar as the real property was concerned, was the evidence as to the value of the whole tract, including the land taken, before the taking, and the value of the whole tract after the taking. Such evidence has no probative value as to the actual value of the land taken and the consequential damage to the land not taken. *State Hwy. Dept. v. Weldon*, 107 Ga. App. 98 (129 SE2d 396).

The court erred in overruling the motion for a new trial.

*Judgment reversed. Frankum and Pannell, JJ., concur.*