## 47842. SEABOARD COAST LINE RAILROAD COMPANY v. TOOLE.

DEEN, Judge. A low-slung trailer owned by the plaintiff Toole and loaded with goods, attached to a tractor operated by an employee, became hung on the tracks of the defendant's railroad crossing. About twenty-five

minutes later and while the driver was out seeking help to get it dislodged it was hit by one of the defendant's trains. This action sought and recovered property damage accruing to the plaintiff. The motion for new trial was denied and defendant appeals. *Held:*

1. The motion to strike the plaintiff's evidence as to the value of the trailer immediately before the collision was properly denied. The evidence, contrary to the defendant's contention, shows that the owner had sufficient knowledge on which to base his opinion: he had purchased the trailer, had done certain work on it to bring it up to ICC standards, stated the length of time he had had it and the amount of wear it had had. Before-and-after pictures were available to the jury. The plaintiff was in the trucking business, owned his own tractors and trailers and leased them out. He stated that he saw hundreds of trailers such as the one he was driving on the road, and identified numerous manufacturers and users. In *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451 (88 SE2d 809) it was held that evidence of cost price plus photographs and detailed testimony as to the condition and use of the vehicle was sufficient evidence to allow a jury to arrive at value. Cost price is not inadmissible, but an opinion of value based *solely* on cost price has no probative value. *Hoard v. Wiley,* 113 Ga. App. 328 (2) (147 SE2d 782). "Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion." *Sisk v. Carney,* 121 Ga. App. 560, 563 (121 SE2d 456). "One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." Code § 38-1709. In *Housing*

*Authority of the City of Calhoun v. Spink,* 91 Ga. App. 72, 78 (85 SE2d 80) it was held in a condemnation case that one who testified he was familiar with the property in question, might express his opinion as to its value, this being sufficient to satisfy the requirements of the code section. "Where the value of the article is relevant, it may be shown by the opinion of witnesses, although they may not be experts, if they have knowledge of facts on which to predicate such opinion. *Central Railroad v. Wolff,* 74 Ga. 664." *Slaton v. Fowler,* 124 Ga. 955 (2) (53 SE 567). The plaintiff here showed a knowledge of hauling equipment sufficient to serve as a basis for his opinion as to the value of the trailer, although on cross examination he readily admitted that his opinion was based upon its value to him. Such fact might be used by the jury in evaluating the credit due the testimony, but it would not be cause for striking the testimony in toto on the ground that "he has not met the standards required in a lawsuit," which was the objection interposed.

2. The verdict was authorized by the evidence. It is agreed that the trailer, with a low center of gravity, lodged between the tracks of a crossing where there was a slight hump or rise. It was for the jury to decide whether the fault lay with the maintenance of the crossing or the low clearance of the vehicle. Further, sufficient evidence was elicited on cross examination to present a jury question on whether the engineer might in the exercise of ordinary care have seen the obstruction, applied brakes, and brought the train to a stop before hitting the trailer.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED JANUARY 3, 1973 — DECIDED JANUARY 30, 1973.

*Jay, Garden & Sherrell, Clayton Jay, Jr.,* for appellant.
*Thomas Wm. Malone, Robert L. Kraselsky,* for appellee.