## 51132. HOUSING AUTHORITY OF CITY OF ATLANTA v. GOOLSBY et al.

DEEN, Presiding Judge.

1. This condemnation case was first heard before a special master. The condemnee appealed to the superior court, and the condemnor appeals from the jury verdict. The authority presented one witness, a real estate appraiser, at the conclusion of whose evidence counsel offered in evidence a blackboard, stating that it was "a recapitulation of the testimony from the stand and we are dealing with some complicated figures and I know it is impossible to weigh in mind these circumstances, and each entry on both sides of this board was pursuant to testimony which I think it might be helpful to the jury if they had those computations." The court properly

excluded the evidence. "The best evidence of the expert witness' opinion of the cost of reconstruction was his own testimony to that effect, not the worksheet which he had prepared in order to assist him in presenting the testimony." *Woodward v. City Council of Augusta,* 117 Ga. App. 857 (162 SE2d 304). The same is true where the recapitulation is placed on a blackboard; to allow it in the jury room would give double emphasis to the testimony, which is the reason why depositions read into evidence are not sent out with demonstrative evidence.

2. None of the objections to testimony of the condemnee's expert witness shows reversible error. Knight, justifying his analysis of market value by comparable sales, stated: "Nearby there was a sale at the corner of Piedmont and Inman Avenue, probably one block north of subject property and the Housing Authority bought this. . . ." whereupon counsel objected that the testimony of condemnation by the agency was inadmissible, opposing counsel agreed, and the witness remarked: "This illustrates what I was talking about. We had a good sale one block away and we can't use it." The court did not rule, no further ruling was invoked, and the witness proceeded to discuss another matter. There is nothing for this court to pass on. The next sale discussed was stated to be of a city block in the same area to which the objection was made that it was not comparable in size and the court allowed the properties to be discussed on a square footage basis. The next enumeration apparently goes to a question asked by counsel for the appellant: "That $18.00 [per square foot] figure was the highest figure paid in that assembly?" to which the witness replied, "That was the highest figure I had up until you wouldn't let me report which sale was higher than that." No objection was made to the answer and no error appears. Objections were made to statements of the "putting together" of parcels and a lot of a little over an acre (the subject property being about .22 acre) which the witness cited as properties in the same area the recent sale price of which he had checked against his appraisal of the subject land. None of this testimony was subject to the error discussed in *Fulton County v. Cox,* 99 Ga. App. 743 (109 SE2d 849). Rarely does one find a piece of property

*exactly* of the geographical position, use, size, improvements and sale date of the land being appraised. Literal adherence to such standards would result in a failure of proof for lack of all comparability. The admissibility of evidence of pieces of land to some extent comparable, with their differences and similarities pointed out "[a]re matters for the determination of the trial judge within his sound discretion, and unless he has manifestly abused that discretion the appellate courts will not control it. Exact similarity is not generally attainable, and any dissimilarities in the lands or their transfer are matters which go to the weight to be given by the jury to the evidence of the transfer." *Ga. Power Co. v. Walker,* 101 Ga. App. 454 (2) (114 SE2d 159). The fourth enumeration complains that the court allowed the witness to give the "lower figures" of a block of sales but not the "higher figures." This ruling was favorable to the appellant. Three other objections advert to statements that threat of condemnation generally lowers the investment value of property (although there was also testimony that it raised prices on the ultimate purchases made in putting a parcel together) and that in general real estate has increased in value over the past several years. The just and adequate compensation which the condemnor must pay is assessed as of the day of taking. If an intention of the condemnor to appropriate, known to the public enhances the value of the land, then such evidence is admissible and warrants a charge to the effect that the jury should take it into account. *Hard v. Housing Authority of Atlanta,* 219 Ga. 74 (132 SE2d 25). The opposite is equally true. As to the fact that property values are higher now than they were a few years back, it is hardly likely that the voicing of this opinion came as any surprise to the jury. Enumerations 2 through 9 and 13 show no reversible error.

3. Objection is urged to the allowance of testimony by the condemnee that he had purchased the land some 15 years previously for $30,000 and added improvements amounting to $57,549. Since the jury verdict, while well within the range of the evidence, was approximately a third above these combined figures, it is obvious that the testimony had no adverse effect on the condemnor's case.

However, we find no objection to a general statement of cost price to the owner as a part of his estimate of value, noting, however, the statement in *State Hwy. Dept. v. Murray,* 102 Ga. App. 210 (115 SE2d 711) that if the value is based on replacement cost (as opposed to purchase cost) it must be accompanied by information concerning other pertinent factors such as depreciation. The rule for ascertaining value as set out in 29A CJS 557, Eminent Domain, § 136 (6) is that "in arriving at the amount of compensation, or the market value of the property taken, the original cost of such property, although not controlling, as well as the cost of reproduction or replacement, less depreciation, although not a sole guide to or element of compensation, are factors which may be considered." Nor was it error to allow the owner to describe the manner in which the building was constructed to meet the particular purposes of his business.

No substantial error appears in the trial of this case. *Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 10, 1975 — DECIDED SEPTEMBER 30, 1975— REHEARING DENIED OCTOBER 16, 1975 — ▮▮▮▮▮▮

*Charles L. Weltner,* for appellant.
*Joseph B. Tucker,* for appellees.