### 51421. MILLCREEK PROPERTIES, INC. v. GREGORY.

PANNELL, Presiding Judge.

Martha C. Gregory brought an action against the Millcreek Properties, Inc., in the Civil Court of Fulton County, seeking to recover damages for the alleged breach of contract by the defendant. Complainant, on June 18, 1973, entered into a contract with the defendant to purchase a house from the defendant, which contract contained a warranty by the defendant that the basement would be dry for a period of one year. The sale was closed on July 25, 1973. The complaint alleged that the basement has never been dry. Damages were sought for $10,000 and $2,000 attorney fees because the defendant was stubbornly litigious. The defendant admitted the contract and admitted the warranty, but denied the other allegations of the complaint.

The case was submitted to the trial judge without the intervention of the jury and he found for the complainant in the amount of $6,000 damages, the judgment being entered on April 23, 1975. On May 21, 1975, the defendant filed what it termed its motion in arrest of judgment and to set aside an order, the motion alleging grounds which comport with a motion for new trial rather than a motion in arrest of judgment and a motion to set aside, the grounds being that the trial court erred in allowing testimony as to the value of the house purchased by the complainant if it had been built as contracted for, and the value of the house as it was built and that the evidence was insufficient to support the judgment.

The testimony was given by the plaintiff. The evidence was not taken down by a court reporter but the attorneys for the parties stipulated thereto. See Section 10 (g) of the Appellate Practice Act (Ga. L. 1965, pp. 18,

24; Code Ann. § 6-805 (g)). The stipulation discloses the following as to the complainant's testimony: "(12) The house is in her name and she is familiar with the real estate values in her neighborhood and the general vicinity. (13) She became familiar with such values by pricing many houses in the neighborhood before she bought her house; by keeping up with the sales and re-sales of houses in the neighborhood and general vicinity through real estate agents, the newspaper, trade publications and by visiting in person and pricing many houses which were open for sale along with her husband who is a real estate agent. (14) Based on these values, her opinion of the present value of her house as it would be under normal conditions with a dry basement is $50,000.00. . ."

This evidence was objected to on the ground that the witness was not properly qualified as an expert. The complainant also testified: "Also, based on said values, her opinion of the value of her house as it now exists with a wet basement is $50,000.00." This testimony was objected to upon the same grounds. Both objections were overruled.

Plaintiff's attorney testified as follows: "He spent approximately 5 years in the legal department of Phipps Land Company, Inc., which company was involved in a major way in residential development and residential mortgage lending. His job required that he be very familiar with residential values and construction methods, both from a standpoint of development and mortgage lending. His job required that he be able to negotiate with builders regarding the development of his employer's land relating specific construction methods and house design to the general real estate market. At present, he is in private practice in Peachtree City, Georgia where he represents Garden Cities Corporation, a subsidiary of Phipps Land Company, Inc., which is involved in the development of a 15,000 acre new town residential community. His representation again relates to his real estate experience and his knowledge of residential real estate values. Based on his knowledge of residential real estate values, his opinion of the value of the house as it would be under normal conditions with

a dry basement is in the low to middle $60,000.00 bracket. His opinion based on his knowledge of the residential market of the value of the house as it is now with a wet basement is $50,000.00, the house had depreciated $6,000.00 rather than going up as it normally would." The stipulation does not disclose that this testimony was objected to. After a hearing, the trial court on June 16, 1975, entered the following order: "After consideration of the arguments of Counsel for both sides and considering *Rule 35 of the Rules of the Civil Court,* said Motion is hereby denied.

"The relevant portion of Rule 35 states: 'In cases involving $300.00 or more, the Court automatically directs that the case be reported unless all parties thereto agree that a case will not be appealed.'

"After calling the case for trial the Court inquired of Counsel whether they desired to have the case reported. Upon receiving a negative response the Court stated, 'No Reporter, no Appeal,' in accordance with *Rule 35 of the Civil Court.*

"Defendant's other contentions are without merit and require a denial of said motion.

"Therefore, in consideration of the arguments of Counsel and the *Rules of the Civil Court of Fulton County,* said Motion by the Defendant is hereby denied."

The defendant entered its appeal from this order. *Held:*

1. All requirements of an appeal and consideration of this case, having been complied with, and there being a stipulation of the parties as to the evidence and as to objections or lack of objections thereto, a rule of the Civil Court of Fulton County cannot prevent such appeal; nor is such rule a ground for overruling the motion. This error, however, is harmless as the trial court was correct in overruling the motion on its merits.

2. We treat the motion to set aside as a motion for new trial, it having been filed within time and the grounds therein being grounds properly raised on such a motion. "One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." Code § 38-1709. In our opinion, the complainant, whose testimony

was objected to, gave ample reasons why she was qualified to give an opinion as to value. See in this connection, *Southern Cotton Oil Co. v. Overby,* 136 Ga. 69, 72 (70 SE 664); *Central Georgia Power Co. v. Cornwell,* 139 Ga. 1, 5 (76 SE 387); *Central Georgia Power Co. v. Stone,* 139 Ga. 416 (1) (77 SE 565). That opinion as to value depends upon hearsay, constitutes no valid objection to the evidence. *Landrum v. Swann,* 8 Ga. App. 209 (1) (68 SE 862); *Gulf Refining Co. v. Smith,* 164 Ga. 811 (139 SE 716). No objection having been made to the other witnesses' testimony as to value (corresponding with that of complainant) no decision will be made thereon.

3. The evidence was sufficient to authorize the finding of the trial judge, both as to liability and damages.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED NOVEMBER 4, 1975 — DECIDED NOVEMBER 10, 1975.

*Flournoy & Still, Frank W. Virgin,* for appellant.
*Robert A. Blackwood, III,* for appellee.