## 51509. DEPARTMENT OF TRANSPORTATION v. KIRK et al.

MARSHALL, Judge.

This is an appeal by the Department of Transportation from verdict and judgment for $15,000 in favor of Kirk et ux, as an award for direct and consequential damages resulting from a condemnation of a half portion of the Kirk homesite near LaGrange. The condemnation forms a part of the development of Interstate Highway 85. DOT enumerates as error the unsupported opinion evidence of Ms. Kirk, as a homeowner, relative to the value of the property and her home, and alleged insufficient charge on consequential damages, the excessiveness of the verdict and the denial of a motion for a new trial on the special grounds above mentioned as well as the general grounds. *Held:*

1. The first four enumerations of error complain that Ms. Kirk was allowed, over objection, to state her bare opinion as to the value of her house and land both prior to the taking and subsequent to the taking. There was no

attempt to establish her knowledge, experience or familiarity with the value of houses or real estate generally or of those values in the vicinity of LaGrange in particular.

This precise question has been considered previously by this court: ". . . when an opinion is sought from a witness as to . . . value . . ., it is necessary that it be shown that the witness has some knowledge, experience or familiarity with the value of the thing or of similar things. This foundation is essential in order to show the bases of the reasons for the witness' opinion . . . In absence of that showing, the testimony is inadmissible and is utterly insignificant . . . it cannot support a verdict as it has no probative value . . . an owner . . . [may not testify] to the value of his goods in a single or gross amount without 'giving his reasons therefor' or else showing that he has had 'an opportunity for forming a correct opinion.'" *Hoard v. Wiley,* 113 Ga. App. 328, 332 (147 SE2d 782). It follows that the trial court erred in allowing such opinion evidence of value, even though by the owner of the property in question.

2. Furthermore, enumeration of error 3 asserts the trial court erred in allowing Ms. Kirk to testify as to the value of her whole property before the taking and to the remaining value of the property after the taking. It is error to permit a witness to testify as to the value of the whole property (both the property taken and that not taken) before the acquisition and the value of the remainder after the taking. *State Highway Dept. v. Mann,* 110 Ga. App. 390 (2) (138 SE2d 610). The true measure of damages is the value only of that portion of the land which is taken as augmented by consequential damages to the land not taken, if any, as offset by consequential benefits, if any. *Ga. Power Co. v. Sinclair,* 122 Ga. App. 305 (176 SE2d 639).

3. Enumeration of error 6 correctly avers that the verdict is unsupported by the evidence, therefore is excessive. The only valid evidence as to value of the land taken and consequential damages to the remainder showed a value of $1,750. The evidence offered by Ms. Kirk has no probative value and cannot be considered by this court in making a determination as to whether there is

any evidence to support the $15,000 verdict of the jury. *State Highway Dept. v. Mann,* 110 Ga. App. 390 (2), supra; *State Highway Dept. v. Weldon,* 107 Ga. App. 98 (129 SE2d 396).

4. Enumeration of error 5 complains the trial court gave vague and incomplete instructions on the subject of consequential damages. While the instruction may not be a model of clarity, it sets forth with sufficient detail the principles of consequential damages. If appellant wishes a clearer instruction, it can propose such an instruction for consideration by the trial court upon the retrial of this case.

5. The remaining enumerations of error are rendered moot by the result reached in the foregoing divisions.

*Judgment reversed. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Clark, Stolz, and Webb, JJ., concur. Evans, J., dissents.*

SUBMITTED JANUARY 5, 1976 — DECIDED MARCH 19, 1976.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Attorney General, Richard L. Chambers, Thurman E. Duncan, Deputy Attorneys General, Marion O. Gordon, Senior Assistant Attorney General,* for appellant.

*James E. Weldon, H. T. Quillian, Jr., H. J. Thomas,* for appellees.

EVANS, Judge, dissenting.

This is a condemnation case wherein the condemnee appealed to a jury. After a verdict and judgment in favor of the condemnee in the amount of $15,000, a motion for new trial was filed by condemnor and same was denied. The Department of Transportation, condemnor, appeals.

I dissent as to the opinion of the majority because it is based on the erroneous conception that the condemnee (the owner of the property) was never qualified as an expert; hence, she could not testify as to the value of her house and land prior to the taking and subsequent to the taking. The majority holds in Division 1 that there was no

attempt to establish her knowledge, experience or familiarity as to the value of the house or real estate generally, or the values in the vicinity in particular.

For a homeowner who is a condemnee, this is not the proper rule, for in such cases one has only to have the opportunity for forming a correct opinion as to the value of his own property and need not be an expert or dealer in the article. The law recognizes that the *owner* of property usually has higher standing than other witnesses to testify as to value, because he has more reason for and better opportunity for having familiarity with the property. See *National-Ben Franklin Fire Ins. Co. v. Darby,* 48 Ga. App. 394 (3) (172 SE 819); *Warren v. State,* 76 Ga. App. 243, 245 (2) (45 SE2d 726); *Corvair Furniture Mfg. Co. v. Bull,* 125 Ga. App. 141 (1, 8) (186 SE2d 559). Of course the witness must have some knowledge, experience or familiarity of the value of the property in question or similar property and must have had an opportunity for forming a correct opinion. See *Sisk v. Carney,* 121 Ga. App. 560, 563 (4) (174 SE2d 456); *Seaboard C. L. R. Co. v. Toole,* 128 Ga. App. 24, 26 (195 SE2d 282). But as is clearly pointed out in the above cited cases, it is not necessary that the condemnee be an expert. But who besides the owner has a better opportunity for such knowledge arising from interest and familiarity?

1. The condemnor offered only one witness as to value who was a professional expert in a real estate and insurance business. The condemnee, as the owner of the property, after hearing the testimony of this expert, testified that she owned the property and lived on the property; that the portion of her property to be taken by the Department of Transportation came within a few feet of her front door; and that she would not be able thereafter to park automobiles in her front yard. She testified as to the improvements on her property (T. 54, 55), and then she testified as to the value of the land improvements prior to and after the taking by the Department of Transportation (T. 56). She testified as to the size of her dwelling house, the number of rooms, and that the rooms are larger than those of houses being built today (T. 54). This shows she was not a hermit; that she was familiar with homes being built today and had knowledge of other

property in the county. She heard the appraiser for condemnor testify as to details of the property. She examined an exhibit showing her property and the property being taken, and explained that she would have to remove the septic tank in back of her house in order to park her automobile. She showed exhibits of her house, including the living, dining, and kitchen areas.

In my opinion it is quite obvious that the owner had sufficient knowledge to allow her to testify as to her opinion concerning the value of her property. Her testimony furnished presumptive evidence consisting of inferences drawn from her human experiences and from hearing the evidence in the case under consideration, and her observation of human conduct, all as provided for in Code § 38-102. See *Millcreek Properties v. Gregory,* 136 Ga. App. 511 (2) (221 SE2d 685).

2. I disagree with the holding in Division 2 to the effect that she should not have been allowed to testify as to the value of the whole property, that is, both the property taken and that not taken before the acquisition, and the value of the remainder after the taking. The majority cites *State Hwy. Dept. v. Mann,* 110 Ga. App. 390 (2) (138 SE2d 610). That decision *upholds her contention,* holding that the direct result of damages is the value of that portion of the land which is taken, plus consequential damages to the land not taken, if any, as offset by consequential benefits. That is exactly what her testimony disclosed. Here the owner testified as to the taking of her parking area in front of her house, the fact that her septic tank and drain fields were in the back of her house and that she would not be able to drive across the sewage lines and septic tank; and she testified as to the size of her house which was 5 large rooms—much larger than houses being built today, and that her land was worth today $25,000 at least, and the house was worth $16,000, having a value of $36,000. After condemnor took half of her lot, coming within 2-1/2 feet of her front porch, she testified the value of the remaining half of the lot was worth only $10,000 and the house was worth only $8,000; that is, making a total of only $18,000 after the taking. The jury was entitled to consider her testimony and could have determined that her damages amounted to at least

$18,000.

The majority cites *Ga. Power Co. v. Sinclair,* 122 Ga. App. 305 (176 SE2d 639), but this case does not support the opinion. It deals with the charge of the court and not with the evidence. The owner properly was allowed to testify what her property was worth before the taking as $25,000 for land and $16,000 for the house and that, in her opinion, it was worth $36,000. Then after they took half her property, coming within 2 feet of her front porch, she was entitled to testify in response to the question: "How much is your land worth that you are going to have left?" that it was worth $10,000. And as to the question "what is the house worth with only 2 feet left in the front yard?" she was entitled to testify that it was worth only $8,000. And she was entitled to testify that her opinion of the value of the two, after the taking, was only $18,000. The jury, by subtracting $18,000 from $36,000, could have found that her damages amounted to $18,000.

The case cited by the majority opinion deals with the instruction to the jury as to how the jury determines value and not as to how the property owner determines value.

3. In Division 3, the majority holds the evidence showed a value of $1,750 only (excluding the allegedly illegal testimony) and therefore was excessive. Under Code § 38-102 the jury could properly find a verdict for $15,000 from consideration of all the evidence before it. The expert testimony suggested only $1,750 valuation. But the owner testified to a value of $18,000. Each gave the facts and circumstances upon which value was based. The jury could take these facts and circumstances and arrive at an entirely different value, in this instance $15,000. "Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their 'own knowledge and ideas.' *Baker v. Richmond City Mill Works,* 105 Ga. 225 (2) (31 SE 426)." *Dixon v. Cassels Co.,* 34 Ga. App. 478 (3) (130 SE 75). See also *Palmer v. Howse,* 133 Ga. App. 619, 620 (212 SE2d 2).