## 56656. BELLCRAFT, INC. v. BENNETT.

WEBB, Judge.

Defendant appeals from an adverse judgment for breach of its agreement to sell an airplane to plaintiff. We affirm.

1. "Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretion granted to him under the discovery provisions of the Civil Practice Act." *Williamson v. Lunsford,* 119 Ga. App. 240 (4) (166 SE2d 622) (1969). "In such interlocutory rulings of the trial court as the sustaining or overruling of objections to interrogatories and decisions as to whether answers are or are not sufficient, this court will reverse only upon a showing of a clear abuse of discretion." *Johnson v. O'Donnell,* 123 Ga. App. 375 (181 SE2d 291) (1971). We find no abuse of discretion in allowing plaintiff's original answers to defendant's interrogatories to be amended, and in otherwise overruling the motion; and cases cited by defendant dealing with motions for sanctions under CPA § 37(d) (Code Ann. § 81A-137 (d)) have no application here since no motion for sanctions was filed.

2. The plaintiff buyer's address, as shown under his name on the contract for the sale of the aircraft, was Daytona Beach, Florida. Upon this premise the seller seeks to bottom an argument that the contract was unenforceable as seeking to evade Georgia sales and use taxes because, according to the seller's contentions, the buyer was actually a Georgia resident, and had seller performed the contract and consummated the sale it would not have paid sales taxes due in Georgia.

But the contract is silent as to sales and use taxes, and to seller's convoluted argument we can only respond as did Judge Powell in *Bryant v. State,* 8 Ga. App. 389 (1) (69 SE 121) (1910): "A point of legal argument may be well taken, or at least plausible, for one of two reasons, — because of its inherent merit, or because it states a proposition which, while not inherently meritorious, has gained standing by reason of its announcement by some

court; for courts do sometimes, if not ofttimes, announce propositions that are not inherently sound, and these unsound announcements may become precedents. As the point here presented is palpably without point, inherently considered, and as no decision from this or any other court is cited in support of it, we are led to believe that its only noteworthy characteristic is its novelty."

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 16, 1978 —
DECIDED OCTOBER 30, 1978.

*James F. Panter,* for appellant.
*Davis, Casto & Norvell, Philip M. Casto,* for appellee.

*Judgment affirmed. Quillian, P. J., and McMurray,*