64852. MORRISON et al. v. DEPARTMENT OF TRANSPORTATION.

POPE, Judge.

Appellants/condemnees bring this appeal from a jury verdict which awarded them $28,000 as compensation for 0.145 acres of land condemned and taken by appellee/condemnor (hereinafter DOT) in order to widen Alpharetta Street (State Route 9) in Roswell, Georgia.

1. Appellants' first enumeration of error alleges that the verdict is contrary to law. The thrust of appellants' argument here appears to be that DOT failed to comply with Code Ann. § 95A-605 (a) (5) (now OCGA § 32-3-6 (b) (5)) requiring DOT to file a declaration of taking which contains "[a] statement of the sum of money estimated by said condemning authority to be just compensation for the land taken, including consequential damages to land not taken, accompanied by a sworn copy as an exhibit of the appraiser's statement justifying said sum. . . ." The record discloses that such an appraisal, in the amount of $48,720, was attached to the subject declaration of taking. At trial,

however, the two expert witnesses called by DOT appraised the subject property at $26,100 and $21,930 respectively. Appellants contend that DOT was bound by its first appraisal because its pleadings were not amended to reflect the lower valuations; they also contend that they were "tricked."

We note at the outset that the appraisal provided for in Code Ann. § 95A-605 (a) (5) is an "estimated" amount. If a condemnee is dissatisfied with the amount of compensation as estimated, he may file an appeal. Code Ann. § 95A-610 (now OCGA § 32-3-14). This appeal is in ". . . the nature of a de novo investigation with the right of either party, under the rules of evidence as provided for in the general laws of this State, to introduce evidence concerning: (1) the fair market value of the property taken or other evidence of just and adequate compensation, (2) the prospective and consequential damages to the remaining property by reason of the taking and use of the property for the purposes for which taken. . . ." Code Ann. § 95A-612 (now OCGA § 32-3-16 (b)). Therefore, since appellants were dissatisfied with the compensation originally estimated by DOT and elected to appeal that issue to a jury, DOT was not bound by its original estimate but could present evidence de novo as to fair market value and consequential damages. The record discloses that this is precisely what happened in this case. Where a pleading, in this case DOT's declaration of taking, is in conflict with evidence presented at trial, it will be deemed amended to conform to the evidence. *Summerlot v. Crain-Daly Volkswagen,* 238 Ga. 546 (1) (233 SE2d 749) (1977); *Space Leasing Assocs. v. Atlantic Bldg. Systems,* 144 Ga. App. 320, 326-7 (241 SE2d 438) (1977).

As for appellants' allegation that they were tricked, the record discloses two nearly identical responses from DOT to appellants' interrogatories. Both responses bear a service date of June 11, 1981 — one response indicating service by mail, the other by hand delivery. Although the trial of this case was held on June 15 and 16, 1981, the record discloses no motion to compel an earlier response. See Code Ann. § 81A-137 (a) (now OCGA § 9-11-37(a)). See also *Bellcraft, Inc. v. Bennett,* 147 Ga. App. 830 (1) (251 SE2d 53) (1978). We pause to note that a copy of the hand-delivered response to appellants' interrogatories was made a part of the record here by special request of appellants, concurred in by DOT, made after this case had been docketed in this court. The mailed response was made a part of the record by order of the trial court shortly before the rendering of this opinion.

As is here pertinent, both responses contained the appraisals of two appraisers DOT intended to call as witnesses. In the mailed response, one of the appraisals included consequential damages in

the amount of $26,790. The hand-delivered response stated that this appraisal had been updated and that the effect of this update was to delete the $26,790 in consequential damages from the original estimate of compensation. DOT contends that the hand-delivered response was an amendment to the original (mailed) response and was, in fact, served on appellants' counsel after the call of the case for trial on June 15, 1981. The record of the opening argument to the jury by appellants' counsel supports DOT's contention that the "amended" response was indeed hand-delivered to him on the date of the trial (June 15) rather than on June 11. Appellants strenuously argue that this last-minute, hand-delivered response was a deliberate artifice used to sabotage their case.

Although DOT contends that the hand-delivered response was an amendment to its original (mailed) response, there is nothing in the body of that response that so indicates. Rather, the hand-delivered response is identical to the mailed response except for the purported manner of service and certain language added to modify the one appraisal as to consequential damages. The sameness even extends to the verification page, executed by one John Whiting on April 17, 1981. The appearance of these two responses, in and of itself, certainly lends credence to appellants' allegation of trickery. If the hand-delivered response were truly intended as an amendment pursuant to Code Ann. § 81A-126 (e) (2) (B) (now OCGA § 9-11-26 (e) (2) (B)), it seems to us that the response would have been clearly labeled as such and would not bear a service date identical to the mailed response nor an identical verification page. However, the record shows that the appraiser changed his appraisal as the result of a visit he made to the site of the taking on the Thursday before trial. This fact is not disputed in the record. Thus, the record supports DOT's contention that it seasonably (albeit unartfully) "amended" its response pursuant to Code Ann. § 81A-126. While we do not approve of the method in which DOT amended its response, and although it seems to us that DOT could have arranged for its witnesses to update their appraisals somewhat earlier than the week before trial (particularly since the case had been pending for some 18 months preceding trial), these circumstances are simply not sufficient to warrant reversal here.

"The rules of discovery, under our Civil Practice Act, are designed to narrow and clarify the issues and to remove the potential for secrecy and hiding of material that existed under our previous system. In particular, the rules of discovery are designed to provide parties with the opportunity to obtain material knowledge of all relevant facts, thereby reducing the element of surprise at trial." *Hanna Creative Enterprises v. Alterman Foods,* 156 Ga. App. 376,

378 (274 SE2d 761) (1980). We have no doubt that appellants were surprised by the updated appraisal of one of DOT's witnesses. Moreover, this evidence was clearly critical to the issues in dispute. Cf. *Redwing Carriers v. Knight,* 143 Ga. App. 668 (8) (239 SE2d 686) (1977). However, there is nothing in the record indicating that appellants sought to have either a mistrial declared or the trial of the case postponed. See *Hanna Creative Enterprises v. Alterman Foods,* supra. Appellants did not claim surprise at trial, but, instead, proceeded with the case, pointing out this last-minute change to the jury in opening remarks and vigorously and thoroughly cross-examining the witness as to his updated appraisal. In light of the foregoing facts of record, no reversible error appears. See *Kamensky v. Stacey,* 134 Ga. App. 530, 533 (215 SE2d 294) (1975).

2. Appellants' second enumeration cites as error the following portion of the trial court's charge to the jury: "Now the effect of the *condemnees* coming into court and filing this action is to put the burden of proof on them to prove to your satisfaction by a preponderance of the evidence just what constitutes just and adequate compensation for the property taken." (Emphasis supplied.) Clearly, the word "condemnees" should have been "condemnor." See *Andrus v. State Hwy. Dept.,* 93 Ga. App. 827 (2) (93 SE2d 174) (1956). Appellants contend that this error was harmful as a matter of law. We disagree.

Appellants admit that they raised no objection to this charge when afforded the opportunity at trial. "It is the view of this court that the error in that frame of reference [no objection having been made to the charge at trial] is not harmful unless a gross miscarriage of justice attributable to it is about to result. Generally, if counsel, who are skilled and trained in the law and who have prepared and tried the case, failed to see the error and enter an exception as provided in [Code Ann. § 70-207] subsections (a) and (b), it is not to be regarded as harmful. Instances when the charge will be found ground for reversal under subsection (c) are likely to be very, very rare." *Nathan v. Duncan,* 113 Ga. App. 630, 638 (149 SE2d 383) (1966). Subsection (c) of Code Ann. § 70-207 (now OCGA § 5-5-24 (c)) provides: "[T]he appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not."

In this case the use of "condemnees" rather than "condemnor" was clearly inadvertent, a slip of the tongue. "The portion of the trial court's charge dealing with the question of burden of proof . . . while inapt when standing alone, yet, when considered in connection with

the entire charge and the issue upon which the case was tried, was not harmful and reversible error." *City of Sylvania v. Miller,* 210 Ga. 290 (3) (79 SE2d 808) (1954). The error here complained of was not likely to confuse or mislead the jury and, thus, was not so substantial as to require reversal. See *Pendry v. Addison,* 105 Ga. App. 673 (3) (125 SE2d 523) (1962); *Bell v. Proctor,* 92 Ga. App. 759, 768-9 (90 SE 2d 84) (1955), revd. on other grounds, 212 Ga. 325 (92 SE2d 514) (1956); see also *Avery v. State,* 141 Ga. App. 92 (4) (232 SE2d 618) (1977).

3. Appellants also contend: "The trial court erred in that it charged the jury as to the testimony of expert witnesses, but failed or refused to charge as to an owner testifying." The gravamen of this contention appears to be the trial court's refusal to give the following request to charge: ". . . I charge you that the law recognizes that the owner of property usually has a higher standing than other witnesses to testify as to value, because he or she has more reason for and better opportunity for having familiarity with the property." The language of this request was taken nearly verbatim from former Judge Evans' dissenting opinion in *Dept. of Transportation v. Kirk,* 138 Ga. App. 180, 183 (225 SE2d 781) (1976). However, this request to charge is not a correct statement of the law in this state. "The comparative value of opinion evidence of expert and non-expert witnesses is for the jury." *Fisher Motor Car Co. v. Seymour & Allen,* 9 Ga. App 465 (3) (71 SE 764) (1911). Thus, the trial court did not err in refusing to give the requested charge. See *Shannon v. Kaylor,* 133 Ga. App. 514 (2) (211 SE2d 368) (1974).

4. Appellants' fourth enumeration assigns error to the trial court's charging ". . . that only land was taken when in fact every witness testified that improvements were also taken." Appellants' exception at trial listed as improvements "the planters, the curbing, and so forth." In its charge the trial court correctly noted that there was no contention that any buildings had been taken, ". . . but property, land in question — the value of the land, the nature and character of the property, its situation, its availabilty for different uses, *all the facts which may be disclosed by the evidence tending to throw light upon its fair market value* may be taken into consideration by you, the jury." (Emphasis supplied.) In our view, the foregoing charge did not preclude the jury from considering certain improvements which had been made to the subject property. Appellants have cited no authority to the contrary; hence, this enumeration is without merit.

5. Appellants contend that the trial court erred in charging the jury as to consequential benefits which, if proven, could be used to reduce the amount of any consequential damages. They argue that

there was no evidence by which the jury could have formed a reasonable estimate as to the amount or value of such benefits. This argument is wholly without merit, however, because the record clearly discloses such evidence. Cf. *Theo v. Dept. of Transp.,* 160 Ga. App. 518 (4) (287 SE2d 333) (1981). Furthermore, we note that appellants did not object to this charge and, in fact, made a request to charge as to consequential damages and benefits, the essence of which was given by the trial court. Thus, appellants will not be heard to complain. See *Sarman v. Seaboard A. L. R. Co.,* 33 Ga. App. 315 (4a) (125 SE 891) (1924).

6. The issue raised by appellants' sixth enumeration of error is virtually identical to that discussed in Division 5, supra, and is likewise without merit.

7. The seventh enumeration cites as error the trial court's admitting certain hearsay evidence and not granting a mistrial because of it. The record discloses no request for a mistrial. The hearsay objected to was tendered for the purpose of showing the basis for the testimony of one of DOT's expert witnesses. The trial court cautioned the jury to consider it only for that purpose and not as proof of fact. Under these circumstances, this enumeration has no merit. *City of Atlanta v. McLucas,* 125 Ga. App. 349 (2) (187 SE2d 560) (1972), and cits.

8. For the reasons set forth in this opinion, the trial court did not err in entering judgment on the verdict of the jury and in denying appellants' motion for new trial.

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED MARCH 31, 1983 —

*Quinton S. King,* for appellants.

*Michael J. Bowers, Attorney General. Robert S. Stubbs II, Executive Assistant Attorney General, Marion O. Gordon, Senior Assistant Attorney General, J. Matthew Dwyer, Jr., John R. Strother, Jr., Beryl H. Weiner, Thomas C. Dempsey,* for appellee.