72414. DEPARTMENT OF TRANSPORTATION v. PETERSEN.
(352 SE2d 580)

BENHAM, Judge.

For the purpose of expanding a two-lane road to a four-lane highway with controlled access, appellant condemned a tract of land belonging to appellee. This appeal is from a judgment entered on a jury verdict for appellee.

1. In its first enumeration of error, appellant complains of the trial court's refusal to strike the testimony of appellee's expert witness on the issue of value. Appellant's chief argument is that the properties which the witness considered comparable to the subject property had unrestricted access to the highway whereas the subject property's access is restricted. The weakness of appellant's argument

is that the witness was not asked about the access of the properties, and there is, therefore, no evidence that the allegedly comparable properties have unlimited access. That being so, appellant did not establish the noncomparability on which its motion to strike depended. There was no error in denying the motion to strike.

2. Appellant contends that the trial court erred in its charge on fair market value by failing to instruct the jury that it must assume that the hypothetical buyer and seller whose transaction is considered in establishing fair market value had knowledge of the uses and limitations of the property. In support of that contention, appellant cites *Central Ga. Power Co. v. Stone*, 139 Ga. 416 (77 SE 565) (1912). That case does not support appellant's argument. In fact, the charge the trial court gave on the subject of fair market value was very similar to the language used in *Stone*. Considering that appellant made no request for a charge on the principle asserted here (and has offered no citation of authority which supports such a charge) and that the charge as given was a correct statement of the law, we find appellant's second enumeration of error to be without merit. *Moody v. Moody*, 241 Ga. 286 (244 SE2d 875) (1978).

3. Finally, appellant enumerates as error the trial court's charge on the possibility of an increase or decrease in the value of the property as a result of the general knowledge that the condemnation was about to occur. The trial court first charged the jury that it could take such an increase or decrease into consideration, then told the jury that it could consider enhancement of the value by virtue of knowledge of an impending taking, then finally told the jury that a condemnor could not benefit from a depression of market value caused by an announcement of taking. Appellant contends that the charge was internally inconsistent and that the last portion was an incorrect statement of the law. We agree.

As to internal inconsistency, it is apparent on the face of the instruction: the jury was told that it could consider increases or decreases in value, then told that a property owner is entitled to compensation based on enhanced value, if the value of the property was enhanced, and was then told that it could not find a decrease in the value. Appellant's other contention regarding the charge is equally correct, since the charge is directly contrary to this court's pronouncement in *Housing Auth. of Atlanta v. Goolsby*, 136 Ga. App. 156, 158 (220 SE2d 466) (1975): "The just and adequate compensation which the condemnor must pay is assessed as of the day of taking. If an intention of the condemnor to appropriate, known to the public, enhances the value of the land, then such evidence is admissible and warrants a charge to the effect that the jury should take it into account. [Cit.] *The opposite is equally true.*" (Emphasis supplied.) Considering that the last part of the charge given in the case at bar

was an incorrect statement of the law and that appellant had introduced evidence that the property involved had decreased in value because it would lose direct access to the road on which it fronts, we find the error to be cause for reversal.

*Judgment reversed. Deen, P. J., and Beasley, J., concur in the judgment only.*

DECIDED DECEMBER 3, 1986 —
REHEARING DENIED DECEMBER 19, 1986 —

*J. Thomas Whelchel*, for appellant.
*Albert Fendig, Jr., James B. Durham*, for appellee.