A91A1057. WALLER v. CLAYTON COUNTY.
(409 SE2d 561)

McMURRAY, Presiding Judge.

This action involves the condemnation of the fee simple title of real property in the vicinity of Atlanta's Hartsfield International Airport. Condemnor Clayton County initiated this action to implement an urban redevelopment plan adopted pursuant to the Urban Redevelopment Law (OCGA § 36-61-1 et seq.). Condemnee Waller, both individually and as Executor of the Estate of J. A. Waller, duly filed her answer and the matter was submitted to a special master who awarded her $10,642.50. Condemnee appealed the special master's award to a jury and moved for an injunction.

Condemnee's motion for injunction contended that there was no specific plan for the redevelopment of condemnee's land so as to permit an informed choice of whether to make the notification under OCGA § 36-61-9 (c) (2) that condemnee was willing and intended to develop the property in accordance with the urban redevelopment plan. The trial court determined that the urban redevelopment plan was not specific enough to permit condemnee to exercise her option under OCGA § 36-61-9 (c) (2) and ordered the condemnor to provide a specific urban redevelopment plan setting out the specific development and buildings to be erected on condemnee's property. Following receipt of the revised urban redevelopment plan, condemnee renewed

her objection to the plan, contending once more that the plan was not sufficiently specific. In an order filed February 16, 1984, the trial court determined that the condemnor had complied with its previous order requiring that condemnee be provided with specific information as to the proposed use of the property and permitting the condemnee 30 days within which to exercise the option provided under OCGA § 36-61-9 (c) (2). On April 4, 1984, an order was filed wherein the trial court found that condemnee had not exercised the option provided by OCGA § 36-61-9 (c) (2) and directed that the remaining issue of compensation be placed on the calendar for trial.

Upon the trial of the compensation issue, the jury awarded condemnee the sum of $8,750 and judgment was entered for this amount. Condemnee appealed to the Supreme Court of Georgia and that Court transferred the case to this Court. *Held*:

1. Condemnee's first four enumerations of error are directed to the trial court's conclusion that the revised urban redevelopment plan provided to condemnee was sufficient to permit condemnee to exercise her option under OCGA § 36-61-9 (c) (2). " 'Urban redevelopment plan' means a plan, as it exists from time to time, for an urban redevelopment project, which plan shall: . . . (B) Be sufficiently complete to indicate such land acquisition, demolition and removal of structures, redevelopment, improvements, and rehabilitation as may be proposed to be carried out in the urban redevelopment area; zoning and planning changes, if any; land uses; maximum densities; building requirements; and the plan's relationship to definite local objectives respecting appropriate land uses, improved traffic, public transportation, public utilities, recreational and community facilities, and other public improvements." OCGA § 36-61-2 (20). "The municipality or county shall, in writing, notify the owner of the real property proposed to be acquired of the planned use of the property as set forth in the urban development plan for the urban redevelopment area wherein the property is located." OCGA § 36-61-9 (c) (1). Pursuant to the trial court's order, condemnee was provided with a map showing the proposed use of her land, in conjunction with the lands of other owners, as part of a 66,600 square foot warehouse. Any requirement of specificity in an urban redevelopment plan was amply satisfied by this information. See generally *McCord v. Housing Auth. of Atlanta*, 246 Ga. 547 (272 SE2d 247). In view of condemnee's failure to exercise her option under OCGA § 36-61-9 (c) (2) within the time provided, the trial court did not err in scheduling the case for trial on the remaining issues.

2. Condemnee's next three enumerations are predicated on the following exchange which occurred at trial during condemnor's direct examination of its expert witness: "Q. All right. Did you in coming up with your opinion also consider other sales of other types of similar

property, what we would call a comparable sale? A. Yes, sir; I was — I took similar sales which aided — [CONDEMNEE'S ATTORNEY]: May it please — THE WITNESS: — me in my opinion. [CONDEMNEE'S ATTORNEY]: — the Court, I'm going to object to him calling sales comparable property. It's up to this Court to make the decision whether they are comparable or not before this witness recites the fact that they are comparable. Now, he can certainly say he used sales. He can even say that they might have been similar, but he cannot say they are comparable, and I object to it. THE COURT: Well, it's a semantical objection. Ladies and Gentlemen of the Jury, whether it's comparable or not is ultimately not even up to me. It's up to you to determine again what is the value of this property and is the whole object of this whole investigation. I'll allow, [condemnor's attorney] and [condemnor's expert], if you say comparable, I'll — try to say similar. Ladies and Gentlemen, it's for you to determine whether it is or is not. It's not up to this witness to tell you whether it is or is not."

Condemnee contends the trial court erred in overruling her objection to condemnor's reference to the other sales used in formulating the expert's opinion as "comparable." However, this characterization appears to be correct and no foundation concerning the similarity of the other property is necessary when the evidence of sales of comparable property is admitted to show the basis of the expert's opinion. *Panos v. Dept. of Transp.*, 162 Ga. App. 53, 55 (10) (290 SE2d 295). This situation may be distinguished from that which occurs when the evidence of other sales is admitted as direct proof of the value of the property at issue, in which instance the trial court must exercise its discretion to determine whether the proffered evidence of sale is of probative value in relation to the property at issue. *Fulton County v. Elliott*, 109 Ga. App. 775, 776 (1) (137 SE2d 477) (reversed on other grounds, *Elliott v. Fulton County*, 220 Ga. 377 (139 SE2d 312)); *Aycock v. Fulton County*, 95 Ga. App. 541, 543 (4) (98 SE2d 133).

While condemnee also argues that the trial court's instructions to the jury were erroneous, no objection preserving this issue was made at trial. Errors raised for the first time on appeal will not be considered. *Jackson v. Easters*, 190 Ga. App. 713, 715 (3) (379 SE2d 610).

3. Condemnee contends the trial court erred in permitting the condemnor to elicit evidence concerning the price at which she had purchased the property 17 years prior to trial since such evidence was too remote. However, evidence of the actual purchase cost of the property at issue has been held to be admissible and a proper element for consideration by a jury in determining the value of property. *Housing Auth. of Atlanta v. Goolsby*, 136 Ga. App. 156, 159 (3) (220 SE2d 466); *Seaboard Coast Line R. Co. v. Toole*, 128 Ga. App. 24, 25 (1) (195 SE2d 282).

4. In her ninth enumeration of error, condemnee contends that the trial court erred in allowing a witness for the condemnor to pass upon the opinion and credibility of her expert witness. Condemnor's witness was permitted to testify as to the reasons he did not consider the sales of real property, used by condemnee's expert in forming his opinion of the value of the property at issue, to be comparable. Disproving the facts testified to by a witness is a proper method of impeachment. OCGA § 24-9-82; *Brookhaven Supply Co. v. DeKalb County*, 134 Ga. App. 878, 879 (2) (216 SE2d 694); *Hayes v. Hay*, 92 Ga. App. 88, 92-93 (88 SE2d 306).

5. The trial court did not err in refusing to admit into evidence three exhibits submitted by condemnee. The exhibits consisted of certified copies of deeds of record in the office of the Clerk of the Superior Court of Clayton County, but no foundation as to the relevance of the exhibits was presented. Questions of relevancy of evidence are for the trial court and in the absence of abuse of judicial discretion this Court will not interfere. *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264, 266 (4) (387 SE2d 593). We find no error in the exclusion of the proffered evidence.

6. Condemnee's remaining enumerations of error complain of the failure of the trial court to give certain requested charges to the jury. Since the refused instructions were either not adjusted to the evidence at trial or stated principles included in the trial court's charge, these enumerations of error are without merit. *Travel Agency Group v. Henderson Mill Travel*, 193 Ga. App. 882, 885 (1) (389 SE2d 511); *State Farm &c. Ins. Co. v. U. S. Fid. & Guar. Co.*, 190 Ga. App. 220, 223 (5) (378 SE2d 400).

*Judgment affirmed. Andrews, J., concurs. Sognier, C. J., concurs in the judgment only.*

DECIDED JULY 16, 1991 —
RECONSIDERATION DENIED JULY 29, 1991 —

*John L. Watson, Jr.*, for appellant.
*Foster & Foster, Michael D. Anderson*, for appellee.