A02A0834. ROBERT STOVALL FAMILY, L.P. et al. v. CARROLL COUNTY WATER AUTHORITY.
(564 SE2d 763)

BARNES, Judge.
Robert Stovall Family, L.P., Graham Stovall Family, L.P. and Anne F. Stovall (collectively "Stovalls") appeal from the trial court's denial of their new trial motion in this condemnation action. On appeal, the Stovalls contend the jury verdict in their favor in the amount of $339,960 should be overturned because the trial court

erroneously admitted evidence concerning the price they paid for the condemned land over 12 years before the Carroll County Water Authority's taking of their land. We disagree and affirm.

The Stovalls contend the trial court should not have allowed the Carroll County Water Authority to introduce, over objection, evidence of the price the Stovalls paid for 323 acres of land in 1988 to determine the value of a smaller portion, 135.984 acres, that the Carroll County Water Authority condemned in 2000. The Stovalls argue on appeal that this evidence should not have been admitted because (1) it is too remote in time to establish the value of the land at the time of the taking and (2) the 1988 sale was not an arm's length transaction reflecting the true market value of the land at the time of its purchase.

"The admission of evidence is a matter resting largely within the sound discretion of the trial court, and appellate courts will not interfere absent an abuse of discretion." *Lewis v. Uselton*, 224 Ga. App. 428, 431 (8) (480 SE2d 856) (1997).

> Unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it.

(Citation omitted.) *Cornelius v. Macon-Bibb County Hosp. Auth.*, 243 Ga. App. 480, 487 (5) (533 SE2d 420) (2000).

In *Housing Auth. &c. of Atlanta v. Goolsby*, 136 Ga. App. 156 (220 SE2d 466) (1975), we held admissible the purchase price of condemned land 15 years before the condemnation, noting:

> The rule for ascertaining value as set out in 29A CJS 557, Eminent Domain, § 136 (6) is that "in arriving at the amount of compensation, or the market value of the property taken, the original cost of [the] property, although not controlling, as well as the cost of reproduction or replacement, less depreciation, although not a sole guide to or element of compensation, are factors which may be considered."

Id. at 159 (3). See also *Waller v. Clayton County*, 200 Ga. App. 706, 708 (3) (409 SE2d 561) (1991) (physical precedent only) (holding evidence of a purchase price 17 years before the date of condemnation was admissible). In this case, the Stovalls' objections to the evidence of purchase price go to its weight, not admissibility. We further find

that the probative value of this evidence was not outweighed by any prejudicial impact. The trial court did not abuse its discretion by admitting the evidence or by denying the motion for new trial.

Our opinion in *Dept. of Transp. v. Mendel*, 237 Ga. App. 900 (517 SE2d 365) (1999), relied upon by the Stovalls, does not alter this result. In *Mendel*, a third party purchased an assignment of the original condemnee's right of action for the value of the property. This assignment took place after the taking by the condemnor, and we held that the third party's recovery was not limited to the amount paid for the assignment because the assignment had no bearing on the value of the property at the time of the taking.

Other cases cited by the Stovalls stand for the general proposition that the ultimate issue in a condemnation case is the value of the property when it is taken, not its value at an earlier time. See, e.g., *Josh Cabaret, Inc. v. Dept. of Transp.*, 256 Ga. 749 (3) (353 SE2d 346) (1987). They do not, however, support the conclusion that evidence of the purchase price can never be considered by the jury in its determination of value at the time of taking.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 16, 2002 —
RECONSIDERATION DENIED MAY 2, 2002.

*Albert B. Wallace, Stephen B. Wallace II*, for appellants.

*Price, Pyles, Dangle, Parmer & Rooks, Thomas E. Parmer*, for appellee.