13413.   WILSON *et al.,* executors, *v.* CITY OF BAINBRIDGE.

STEPHENS, J.   1.   In the assignment of error upon the exclusion of cer-
tain evidence offered to prove market value it does not appear that the
witness whose testimony was offered for such purpose had an op-
portunity to form a correct opinion as to the market value, and no
error appears in the ruling excluding such testimony.

2. Where testimony of a witness as to market value is admitted, it will be presumed that the proper foundation has been laid by it having been made to appear that the witness had had an opportunity to form a correct opinion as to the value testified to; and where it does not affirmatively appear from the exception that such foundation was not laid, the action of the court.in admitting such testimony does not appear to be erroneous. Besides, where it appears that the witness testified that " in a general way " he was acquainted with the market value of the property, is not the foundation for the admission of the testimony laid ?

3. Where the issue is as to the value of property at a certain time, evidence that at or about that time the property was returned for taxation " the same as it had been the year before," even if it is irrelevant, or for any other reason it is erroneously admitted, is vague and indefinite as to value, and is of such a nature that it illustrates no issue and is not prejudicial, and therefore its admission was harmless.

4. Where the court, in instructing the jury as to the measure of damages to be applied in determining the plaintiff's damage resulting from a decrease in the market value of the property, undertakes to define what is meant by the market value after its reduction in value, and states to the jury that " damages to property contemplated by law must be an actual decrease of the market value of the property caused directly by the act of the defendant in raising the grade of the street, whereby the property of the plaintiff has been rendered less valuable on the market, if offered for sale, than it was before the city changed the grade of the street," such statement can not be construed as an instruction that before the plaintiff could recover. for any damage sustained the property must have in fact been offered for sale.

5. This being a suit against a municipal corporation for damages alleged to have been sustained by the plaintiff as a result of the reduction in value of the plaintiff's property caused by the grading by the defendant of a street upon which the property abutted, and there being evidence that the plaintiff's property had not sustained any damage as the result of the alleged act of the defendant, the verdict rendered for the defendant was authorized.

6. Applying the above rulings, none of the grounds of error insisted upon are meritorious, and the trial judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1923.

Action for damages; from city court of Bainbridge — Judge Spooner. January 30, 1922.

*M. E. O'Neal, John R. Wilson, Bryan & Middlebrooks,* for plaintiffs.

*W. O. Fleming, R. G. Hartsfield,* for defendant.