17118.   GLOBE & RUTGERS FIRE INSURANCE COMPANY *v.* JEWELL-
· LOUDERMILK COMPANY.

STEPHENS, J.   1. Whether or not, where a policy of fire insurance provides that upon the demand of either party appraisers shall be selected and the amount of loss ascertained by appraisement, and that no suit or action on the policy shall be sustainable in any court "unless the assured shall have fully complied with all the foregoing requirements," an actual appraisement is a condition precedent to the insured's right to recover for a loss under the policy, the insured performs all of his obligations as respects an appraisement, as provided in the policy, when he in good faith agrees to the selection of appraisers and submits the matter to appraisement as provided in the policy; and where the appraisers, through no fault of the insured, fail to agree, the insured has complied with all of his obligations under the policy and the insured may, in the absence of a further demand by the insurer, for an appraisement, proceed forthwith to institute suit upon the policy and establish the amount of his loss by the evidence before the jury.   14 R. C. L. 1361, § 532; Jerrils *v.* German American Ins. Co., 82 Kan. 320 (108 Pac. 114, 28 L. R. A. (N. S.) 104, 20 Ann. Cas. 251).   This case is distinguishable from that of *Insurance Co. of North America* v. *Folds,* 35 *Ga. App.* 720 (135 S. E. 107), because in that case the plaintiff, who was the insured, undertook, under the terms of the contract, and in accordance with an agreement for an appraisement, signed by both parties, to fix and determine the amount of the loss, by an appraisement, and, after the award made thereunder had been held invalid by reason of the illegal appointment of the umpire, who was appointed by the judge of the superior court at the instance of the plaintiff, the plaintiff brought suit upon the policy without ever having completed the appraisement which he had undertaken to obtain.

2. A threat made by an attorney for the insured and communicated to one of the appraisers, that if the appraiser made an award in a certain amount the attorney would take legal proceedings against the appraiser, where, from the evidence, it does not appear that this appraiser failed to agree by reason of such threat, is insufficient to authorize the inference that the act of the attorney in any way brought about the failure of the appraisers to agree.

3. Under the foregoing rulings, the court did not err in directing a verdict against the defendant on the plea in abatement, in which it contended that the suit was not maintainable because no award had been made by the appraisers appointed under the provisions of the policy; and the court properly refused certain requests to charge, made by the defendant.

4. The admission in evidence of a letter from the local agent of the de-

Appeal and Error, 4 C. J. p. 975, n. 88; p. 987, n. 3; p. 1143, n. 3.
Assignments, 5 C. J. p. 979, n. 41; p. 981, n. 57.
Evidence, 22 C. J. p. 297, n. 5; p. 573, n. 33, 34; p. 579, n. 84.
Fire Insurance, 26 C. J. p. 381, n. 60; p. 427, n. 74; p. 428, n. 91; p. 486, n. 7; p. 535, n. 26; p. 538, n. 65, 69; p. 553, n. 96; p. 578, n. 11, 13, p. 579, n. 23.

fendant company, directed to it at its home office, written the day after the loss·of the insured property, advising the home office of the loss, and containing a statement that "the estimated loss is about $1,000," whether the letter was relevant or not, as an admission by an authorized agent of the defendant company as to the value of the property lost, could not have influenced the jury and was harmless, in view of other evidence as to value and in view of the fact that the verdict actually rendered found the loss to be only $750.

5. Where a witness testifies as to his familiarity with the value of property of the kind destroyed, his estimate of the value of the property destroyed is relevant and admissible.

6. Evidence that at the time of the issuance of the policy of insurance, when the insured and the local agent of the insurer were endeavoring to agree upon the amount of insurance which the property "would stand," the amount of insurance for which the policy was issued was left by the insured to the local agent of the insurer was admissible as an admission indicating the value placed upon the property by the insurer at the time of the issuance of the policy. *Southern Ry. Co.* v. *Branch,* 9 *Ga. App.* 310 (71 S. E. 696).

7. Where the plaintiff testified, that, when he signed the affidavit to the proof of loss introduced in evidence and to which his signature purported to have been attested by a notary public, he was under oath, that an oath had been administered to him, that he signed the paper, and that the notary witnessed his signature, the proof of loss was properly admitted in evidence, over objection by the defendant that it was not sworn to as required by the policy.

8. An assignor of a chose in action, who has assigned the legal title thereto to another as security for a debt, has such an interest therein that he may maintain a suit thereon in his own name. *Wheeler* v. *Stapleton,* 99 *Ga.* 731 (27 S. E. 724). The alleged newly discovered evidence that, before suit, the plaintiff assigned his right and title to the cause of action to another as security for a debt, was irrelevant.

9. The verdict for the plaintiff in the amount of $750 was authorized by the evidence, and no error appears.

10. It appearing that suit was filed within sixty days after the loss became payable under the terms of the policy, and it not appearing that any demand for payment was made upon the insurance company after the loss had become payable under the terms of the policy, attorney's fees were not recoverable under section 2549 of the Civil Code (1910), which provides for the payment of attorney's fees where the insured refuses to pay the loss within sixty days after demand, if the refusal is in bad faith.

11. The judgment is affirmed, with the direction that the amount found for attorney's fees in the sum of $150 be written off.

*Judgment affirmed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 3, 1927.

Action on fire-insurance policy; from Hall superior court—Judge J. B. Jones. December 12, 1925.

Application for certiorari was made to the Supreme Court.

*Smith, Hammond & Smith, Dean & Wright,* for plaintiff in error.

*A. C. Wheeler,* contra.