38266. WARD *et al.* v. NANCE.

FRANKUM, Judge. 1. The trial court did not err in overruling the general demurrer. Though various facts alleged in the petition are interwoven so as to make it difficult to determine whether the action is an ex contractu action for a breach of a warranty or one sounding in tort, the record reveals that there is no demurrer to the petition as being duplicitous. In light of such fact this court will construe the petition toward that theory which sets forth a cause of action. *Citizens & Southern Bank v. Union Warehouse &c. Co.,* 157 Ga. 434 (6, 7) (122 S. E. 327); *King Hardware Co. v. Ennis,* 39 Ga. App. 355 (4) (147 S. E. 119). The petition alleges that a used refrigerator was sold by the defendant to the plaintiff, and that the item was represented to be rebuilt by the defendant and reasonably safe for the use intended, i.e., keeping and preserving foods. It is alleged that the plaintiff had the refrigerator for approximately three months when it exploded and became engulfed in flames, causing fire to spread over the plaintiff's house in four or five minutes. The petition, among other specifications, charges the defendant as being negligent for failing to exercise ordinary care in selling a refrigerator which was not reasonably suited for the purpose intended and falsely warranting same.

Where an item is exposed for sale, and usually is exposed in

the course of a sale, a dealer may have a duty to discover a defect in the merchandise. Particularly is this true when the dealer represents the item to be safe for the use intended. *Chitty v. Horne-Wilson, Inc.*, 92 Ga. App. 716 (89 S. E. 2d 816); *Williams v. Ballenger*, 87 Ga. App. 255 (73 S. E. 2d 509); *Segal v. Carroll Furniture Co.*, 51 Ga. App. 164 (179 S.·E. 775); *King Hardware Co. v. Ennis*, 39 Ga. App. 355, supra. Under the above authorities the petition set forth a cause of action for damages.

2. Special demurrers which complain that certain allegations in the petition are immaterial and irrelevant without pointing out wherein such allegations are immaterial and irrelevant are themselves subject to criticism and will not be considered by the court. *Veal v. Beall*, 189 Ga. 31 (5 S. E. 2d 5); *Clarke v. Parks*, 97 Ga. 374 (23 S. E. 839); *Dodd v. Slater*, 101 Ga. App. 358 (114 S. E. 2d 167); *Gay v. Healan*, 88 Ga. App. 533 (77 S. E. 2d 47). The trial court did not err in overruling the special demurrers.

3. There was sufficient evidence to support the verdict, and the general grounds of the motion for a new trial are without merit. Testimony adduced on the trial to the effect that at the time the fire was discovered in the early morning hours, there was a loud noise, that the top of the refrigerator was off, that the door was found hanging on one hinge where it had blown open, that the bottom compartment door was found across the room in a twisted condition, and that flames were coming from the refrigerator before the rest of the house was afire, was sufficient to authorize the jury's finding that the refrigerator was defective in its mechanism.

4. The trial court did not err in not admitting certain opinion evidence concerning the value of the property destroyed. There was no proper foundation laid to show that the witness had an opportunity to form a correct opinion or that he was familiar with the type and kind of all the property for which a value was sought to be determined under the nature of the question propounded by counsel for the defendant. *Globe & Rutgers Fire Ins. Co. v. Jewell-Loudermilk Co.*, 36 Ga. App. 538 (5) (137 S. E. 286); *Wilson v. City of Bainbridge*, 29 Ga. App. 692 (1) (116 S. E. 543).

5. Special ground 2 of the amended motion for new trial, which complains of the trial court's charge concerning expert testi-

mony, it without merit. There were witnesses qualified as experts to give their professional opinions, and the trial court was substantially correct upon the principles of law in its charge upon the weight to be given to expert testimony. See *Holmes v. Harden*, 96 Ga. App. 365, 371 (100 S. E. 2d 101).

6. Special ground 3 complains of the following charge: ". . . As to what any piece of property might be worth at a given time is necessarily a question of the witness's opinion. . ." No error appears in the above charge. *Code* § 38-1709; *Gulf Refining Co. v. Smith*, 164 Ga. 811 (139 S. E. 716); *Cohn v. Rigsby*, 60 Ga. App. 728 (5 S. E. 2d 93); *Reidsville & Southeastern R. Co. v. Baxter*, 13 Ga. App. 357 (7) (79 S. E. 187).

7. There is no merit in special grounds 4, 5, and 6. The principles of law and the questions raised have been discussed in headnote 1 of this opinion and will not be further elaborated upon.

8. "In order for an assignment of error to be sufficient for consideration, the [complaining party] must show not only error but also injury." *Ludwig v. J. J. Newberry Co.*, 78 Ga. App. 871, 877 (52 S. E. 2d 485); *Dees v. State*, 41 Ga. App. 321 (152 S. E. 913); *Southern Ry. Co. v. Ansley*, 8 Ga. App. 325 (1) (68 S. E. 1086). Nowhere in special ground 7 does the defendant show wherein the charge complained of was harmful.

9. The remaining special ground is based on the contention that there was no evidence to support the verdict and that such verdict is contrary to law. This contention is nothing more than a restatement of the general grounds which have already been ruled upon in headnote 3.

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED JULY 15, 1960.

*Barrett & Hayes*, for plaintiffs in error.
*Grady E. Rozar*, contra.