## 55132. REED v. PIPER et al.

Webb, Judge.

1. "Where an automobile owner elects not to make repairs to his damaged vehicle, the measure of damages is the difference in market value before and after the collision." *Rutledge v. Glass,* 125 Ga. App. 549, 550 (2) (188 SE2d 261) (1972) and cits.

2. In the instant personal injury and automobile damage case Piper, who had elected not to make repairs to his automobile, indicated in his testimony that it did have some post-collision value but had "no idea" as to the amount. In view of the failure of proof as to this matter the trial court erred in denying Reed's motion for directed verdict as to the automobile claim. "The evidence was insufficient to support the verdict for special damages for the loss of the automobile, there being no evidence of its value after the collision, and no evidence sufficient to establish that it had been totally destroyed." *Reese v. Haggard,* 75 Ga. App. 654 (1) (44 SE2d 290) (1947). Accordingly the general judgment in Piper's favor must be reversed.

3. Remaining enumerations are without merit, and the judgment for Piper's wife for loss of services and consortium is affirmed.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and McMurray, J., concur.*

Argued January 12, 1978 — Decided February 3, 1978 — Rehearing denied February 28, 1978 — Cert. applied for.

*Fred A. Gilbert,* for appellant.
*Murray & Temple, William A. Dinges,* for appellees.