## 58684. TONEY v. JOHNS.

SOGNIER, Judge.

Ms. Johns filed suit against Toney to recover two rings, or the value of such rings, allegedly taken by Toney when their relationship was terminated after living together for approximately six months. The jury returned a verdict of $3,000 for Johns, and Toney appeals. Toney contends the trial court erred in denying his motion for a new trial after the court erroneously admitted certain documentary evidence and allowed opinion testimony as to the value of the rings without a proper foundation having been laid. Appellant also alleges the court erred by failing to instruct the jury on opinion evidence and by not permitting objections to the charge. With regard to the last enumeration, the record indicates that no objections were made to the charge. It is well-settled that this court will not consider questions raised for the first time on appeal. *Foster v. Continental Cas. Co.,* 141 Ga. App. 415, 416 (233 SE2d 492) (1977). We confine our review to the first two enumerations of error, both of which relate to the issue of the value of the rings.

Concerning the opinion evidence, the plaintiff testified that one of the two rings had nine diamonds totaling almost two carats and had a value of $2,000; the other ring had six or seven diamonds and a pearl, with a value of $1,000, both rings having been specially made; she stated that she liked fine jewelry, that she had been to a number of jewelry stores and was familiar with jewelry of the type she described, that both rings had been appraised and that she had seen a picture of a ring similar to hers valued at $1,800. Thereft er, she was asked the following question: "Based upon what you have seen of other rings, and based upon appraisals of other rings, and based upon value set on rings similar to yours, and based upon appraisals that you had of your rings, have you formed an opinion as to the value of your rings?" Plaintiff answered yes and thereafter expressed her opinion. Documentary evidence was introduced in conjunction with her testimony. This documentary evidence was objected to on the basis that it was hearsay.

The appellant contends that the testimony as to

value was inadmissible because a proper foundation had not been laid. Code Ann. § 38-1709 provides: "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." This provision has been interpreted by this court to mean that in order for a witness to give his opinion as to value, he must give his reasons for forming that opinion by showing that he had some knowledge, experience, or familiarity as to the value of the item. This is the requisite foundation. *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782) (1966); *Ricker v. Brancale,* 113 Ga. App. 447 (148 SE2d 468) (1966).

The testimony of the appellee with regard to her knowledge, experience, and familiarity with jewelry was sufficient to lay the foundation for her opinion as to value. The testimony of a witness that he is familiar with the value of the item in question is sufficient foundation to allow evidence as to value. *Johnson v. Rooks,* 116 Ga. App. 394, 396 (157 SE2d 527) (1967); *Globe & Rutgers Fire Ins. Co. v. Jewell-Loudermilk Co.,* 36 Ga. App. 538, 539 (137 SE 286) (1927); *Wilson v. City of Bainbridge,* 29 Ga. App. 692, 693 (116 SE 543) (1923); *Canal Ins. Co. v. P & J Truck Lines,* 145 Ga. App. 545, 550 (244 SE2d 81) (1978).

The value of an item may be shown by either direct or circumstantial evidence, *Landrum v. Swann,* 8 Ga. App. 209 (68 SE 862) (1910), and even where a witness bases her opinion as to value partially on hearsay, her opinion will be admitted. *Garner v. Gwinnett County,* 105 Ga. App. 714, 716 (125 SE2d 563) (1962); *Millcreek Properties, Inc. v. Gregory,* 136 Ga. App. 511, 514 (221 SE2d 685) (1975).

Appellant on cross examination of the witness attempted to weaken her testimony regarding her opinion as to the value of the jewelry. However, it is not required that the witness here be an expert to give her opinion as to value. Code Ann. § 38-1709. The jury could take into consideration the knowledge and lack of knowledge of the witness of the facts about which she was testifying and weigh her testimony. It is not a ground for objection to testimony that a witness, after testifying to a fact, testifies on cross examination to facts that tend to show that she knows little or nothing about the facts as to which she

previously testified on direct examination. *Southern R. Co. v. Richardson,* 48 Ga. App. 25, 30 (172 SE 79) (1933). Questions of value are peculiarly for the determination of the jury, where there is any. data in the evidence upon which the jury may legitimately exercise their own knowledge and ideas. *Ga. Power Co. v. Harwell,* 113 Ga. App. 653, 654 (149 SE2d 376) (1966). After a witness has given her basis for opinion evidence as to value it is up to the jury to determine its weight. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 5 (76 SE 387) (1912); *Dept. of Transportation v. Worley,* 150 Ga. App. 768, 772 (258 SE2d 595) (1979).

The witness' testimony here was admitted after a proper foundation had been laid. The documentary evidence was admitted in conjunction with her testimony. The evidence supports the finding of the jury.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED OCTOBER 15, 1979 — DECIDED MARCH 13, 1980.

*Robert B. McCord, Jr.,* for appellant.
*Sam Johnson,* for appellee.