65676. STANDARD GUARANTY INSURANCE COMPANY v. ADVANCE WELL SERVICES, INC. et al.

CARLEY, Judge.

A year-old pickup truck, owned and being operated by Bonnie Sue Hagans, struck a parked truck, owned by appellee-defendant Advance Well Services, Inc. (Advance). Ms. Hagans' truck was extensively damaged and she was paid $3,900 by her insurer, appellant-plaintiff Standard Guaranty Insurance Co. (Standard), and $2,700 by a salvage dealer. Standard, as subrogee, brought the instant action against Advance, alleging that Advance's truck had been negligently parked in a potentially hazardous location for several days. The case proceeded to trial where, at the close of Standard's evidence, Advance moved for a directed verdict. This motion was granted on the basis that the trial court "was and is of the opinion that an inadequate foundation was laid as to the issue of damages and how the figures were arrived at by the witness for

plaintiff [,Standard,] as to the before and after values [of the truck] involved." It is from this order directing a verdict for Advance that Standard brings this appeal.

" 'Where an automobile owner elects not to make repairs to his damaged vehicle, the measure of damages is the difference in market value before and after the collision.' [Cit.]" *Reed v. Piper,* 145 Ga. App. 75 (1) (243 SE2d 257) (1978). "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article in question but may testify as to its value if he has had an opportunity for forming a correct opinion." OCGA § 24-9-66 (Code Ann. § 38-1709). "[I]n order for a witness to give his opinion as to value, he must give his reasons for forming that opinion by showing that he had some knowledge, experience, or familiarity as to the value of the item. This is the requisite foundation. [Cits.]" *Toney v. Johns,* 153 Ga. App. 880, 881 (267 SE2d 298) (1980).

The sole evidence in the instant case concerning the "before" and "after" the collision value of the truck was the testimony of Ms. Hagans, the owner. Pretermitting consideration of whether the requisite foundation was laid for Ms. Hagans' testimony concerning the value of the truck before the collision, it is clear that there was absolutely no probative evidence of the value of the truck afterwards. The only "after collision" figures testified to by Ms. Hagans were the $2,700 "salvage value" and $5,000, a sum which she believed "would have been a fair approximation of value." Ms. Hagans offered no explanation whatsoever as to how she had arrived at the $5,000 figure. Under this evidentiary posture, the holding in *Nail v. Hiers,* 116 Ga. App. 522 (157 SE2d 771) (1967), is applicable and controlling. In *Nail,* this court held that "we do not regard [plaintiff's] testimony of the actual salvage price as admissible or of probative value to establish the market value of the automobile after the collision in the absence of supporting evidence as to the extent of the damage other than the mere statement that the rear end was crumpled and that the automobile could not be driven away. In the cases brought to our attention the evidence of market value after damage has been deemed sufficient only when supported by other evidence of the nature and extent of the damage, such as a picture of the damaged vehicle, the cost and extent of required repairs, or other relevant evidence to provide the jury with some guide as to value, or the extent of the loss. It follows that the verdict and judgment, to the extent it includes any amount for property damage to the automobile, is not supported by the evidence." *Nail v. Hiers,* supra at 524. Since there was absolutely no basis given for the $5,000 figure and since the $2,700 actual salvage price is not sufficient within itself to show "after collision" value, Ms. Hagans' testimony did not provide a framework

for jury deliberation on the issue of damages.

The trial court properly granted a directed verdict to Advance.

*Judgment affirmed. Shulman, C. J., Quillian, P. J., Banke, Birdsong, Pope and Sognier, JJ., concur. Deen, P. J., and McMurray, P. J., dissent.*

DECIDED JULY 6, 1983.

*Ronald W. Parnell, Richard B. Eason, Jr.,* for appellant.
*Arthur L. Myers, Jr.,* for appellees.

DEEN, Presiding Judge, dissenting.

I respectfully dissent from the majority opinion. In affirming the trial court's award of a directed verdict for appellee, the majority holds that Ms. Hagans' testimony regarding the truck's after-collision value was non-probative because the basis for her opinion that the truck was then worth $5,000 was not stated. The majority apparently overlooks Ms. Hagans' testimony that her extensive comparison shopping prior to purchasing the truck familiarized her with the values of similar trucks in undamaged condition, and that on this basis she was of the opinion that in the year since the truck's purchase it had depreciated from the $11,000 value represented by the purchase price to $9,000; and the further fact that the actual damages alleged in the complaint were in the amount of $4,066.13, with the insurer paying $3,900 in compensation. It would seem obvious that Ms. Hagans arrived at the $5,000 figure by subtracting the approximately $4,000 in actual damages from the $9,000 value which, on the basis of her comparison-shopping experience, she had assigned to the truck after one year of depreciation but before it was damaged. This would seem sufficient to fulfill the requirements of *Reed v. Piper,* 145 Ga. App. 75 (243 SE2d 257) (1978) and *Toney v. Johns,* 153 Ga. App. 880 (267 SE2d 298) (1980), as well as those of OCGA § 24-9-66 (Code Ann. § 38-1709), and would provide the support (although not in tangible form) required by *Nail v. Hiers,* 116 Ga. App. 522 (157 SE2d 771) (1967). The jury could and should have been allowed to use this evidence in the light of their general knowledge and experience, which they possess in common with the rest of mankind, in their deliberation to a verdict.

For this reason, I respectfully dissent. I am authorized to state that Presiding Judge McMurray joins in this dissent.