## 75330. GODOWNS v. CANTRELL.
### (366 SE2d 415)

BEASLEY, Judge.

Plaintiff Godowns appeals the denial of his motion for new trial following the court's direction of a verdict for defendant Cantrell in a suit for property damage to plaintiff's automobile and truck. The verdict was directed on the basis that plaintiff failed to prove damages.

Plaintiff's testimony was as follows. He owned both vehicles and the market values immediately preceding the wreck were $2,000 for the automobile and $4,500 for the truck. Two days before the collision he had taken the automobile in for a tuneup. When asked whether he was just guessing as to the pre-collision market value of the truck, he stated he went to used car lots, priced trucks of the same age and the same equipment and the cheapest thing he could find was $4,500 and up. The vehicles were not repaired.

In addition, plaintiff presented testimony from an owner of a paint and body shop about what repairs it would take to put the car and truck back into shape; estimates of the proposed repairs; photographs of both vehicles following the wreck; testimony that the depicted damage was done at the time of the wreck.

" 'Where an automobile owner elects not to make repairs to his damaged vehicle, the measure of damages is the difference in market value before and after the collision.' [Cits.]" *Reed v. Piper*, 145 Ga. App. 75 (243 SE2d 257) (1978). "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article in question but may testify as to its value if he has had an opportunity for forming a correct opinion." OCGA § 24-9-66. "Market value may be established by either direct or circumstantial evidence. [Cit.] Questions as to value are peculiarly for the jury, who on this issue are not absolutely bound even by the uncontradicted testimony of experts, but may consider the nature of the property involved and any other facts or circumstances within their knowledge in arriving at a verdict, provided there are in evidence sufficient facts from which they may draw a legitimate conclusion. [Cits.]" *Grant v. Dannals*, 87 Ga. App. 389, 391 (74 SE2d 119) (1953). " 'The owner of property is considered to be qualified to state his opinion as to value, . . .' " *Dixon v. Williams*, 177 Ga. App. 702, 704 (340 SE2d 286) (1986), once he has given his reasons or shown he had

had an opportunity for forming a correct opinion. See *Hoard v. Wiley*, 113 Ga. App. 328 (1) (147 SE2d 782) (1966).

The evidence sufficiently established market values prior to the collision, *Dixon v. Williams*, supra, as well as the condition of the vehicles after the collision and the damage upon them. *Sun Ins. Co. of N. Y. v. League*, 112 Ga. App. 625, 626 (145 SE2d 768) (1965). See also *Department of Transp. v. Driggers*, 150 Ga. App. 270 (257 SE2d 294) (1979); *Hogan v. Olivera*, 141 Ga. App. 399 (233 SE2d 428) (1977).

Thus the case was not subject to directed verdict on the ground of failure to prove damages. OCGA § 9-11-50 (a); *Beard v. Fender*, 179 Ga. App. 465 (346 SE2d 901) (1986).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 26, 1988.

*Otis W. Harrison*, for appellant.
*A. Montague Miller*, for appellee.