A90A0187. GEORGE F. BROWN & SONS, INC. v. KNOWLES.
A90A0482. ALEXANDER INSURANCE AGENCY, INC. v.
KNOWLES.
(396 SE2d 501)

COOPER, Judge.

On April 16, 1985, appellee met with appellant Alexander Insurance Agency ("Alexander"), an independent insurance agent to renew insurance coverage on his tractor. He completed an Old Republic Insurance Company ("Old Republic") application for truck physical damage coverage listing the names and birthdates of the drivers of the insured vehicle, including a driver under the age of 25. Alexander contacted appellant George F. Brown & Sons ("Brown"), an independent broker, who agreed by telephone to issue a binder to appellee on behalf of Old Republic. The binder specified that it was issued subject to the terms of the policy. The policy contained an exclusion for drivers under the age of 25. The parties are in dispute as to whether or not Brown was informed about the underage driver listed on the application. When the binder was issued, neither Brown nor Old Republic had seen the application. Brown did not receive the application until several days after the coverage was provided, and Old Republic did not receive it until after the policy was issued. Appellee was mailed a copy of the policy in late June. On April 17, 1985, the tractor was destroyed in a collision while being operated by a driver under 25. Based on the exclusion, Old Republic denied appellee's claim. Appellee brought suit against Alexander, Brown and Old Re-

public for breach of contract. A jury trial resulted in a verdict for appellee against each defendant in separate specified amounts in principal, interest and attorney fees. Alexander filed a cross-claim for indemnity against Brown and Old Republic which the court dismissed by directed verdict at the close of the evidence.

In Case No. A90A0187, Brown appeals the judgment entered on the jury's verdict, and in Case No. A90A0482, Alexander appeals the trial court's denial of its motion for new trial. Old Republic requests that it be allowed to satisfy its portion of the judgment since there is no appeal of the judgment entered against it or, in the alternative, that the judgment be reversed as a matter of law.

1. At the close of appellee's case, Brown, Alexander and Old Republic moved for a directed verdict on various grounds including the issue of proof of value of the tractor before and after the collision. Without ruling on the motions, the trial court allowed appellee to reopen his case to present evidence as to his damages. Appellee was under the mistaken impression that he could recover the policy limit less the deductible and the salvage value. The policy stated, however, that in the event of a total loss the cash value of the vehicle would be recoverable. Appellee testified that he had extensive experience in buying and repairing trucks; that he "would have sold the truck for $22,000" before the collision and that the highest bid made on the tractor from several salvage yards was $4,200. At the conclusion of appellee's testimony, the motions for directed verdict were restated and denied by the court. Alexander enumerates as error the trial court's failure to direct a verdict on this issue.

" 'Questions as to value are peculiarly for the jury, who on this issue are not absolutely bound even by the uncontradicted testimony of experts, but may consider the nature of the property involved and any other facts or circumstances within their knowledge in arriving at a verdict, provided there are in evidence sufficient facts from which they may draw a legitimate conclusion.' [Cit.]" *Godowns v. Cantrell*, 186 Ga. App. 100 (366 SE2d 415) (1988). " 'The owner of property is considered to be qualified to state his opinion as to value. (Cits.) "Opinion evidence . . . must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property . . . or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion." [Cit.]' " *Long v. Marion*, 182 Ga. App. 361 (4) (355 SE2d 711) (1987). After appellee stated that he "would have sold the truck for $22,000," he explained the value's relevance to the outstanding indebtedness and the amount of insurance coverage maintained on the vehicle. There was no additional evidence, such as comparisons to other models of similar age, corroborating testimony or photographs to assist the jury in determining the value of the truck prior to

the collision. Compare *Godowns*, supra at 100 and *Long*, supra at 364. Pretermitting the question of whether or not the average juror would have been familiar with the value of a 1979 Peterbilt truck, the evidence was not sufficient to establish the value of the truck prior to the collision.

"[S]alvage price is not sufficient within itself to show 'after collision' value. . . ." *Standard Guaranty Ins. Co. v. Advance Well Svcs.*, 167 Ga. App. 314, 315 (306 SE2d 388) (1983). " '[W]e do not regard [appellee's] testimony of the actual salvage price as admissible or of probative value to establish the market value of the [tractor] after the collision in the absence of supporting evidence as to the extent of the damage. . . . In the cases brought to our attention the evidence of market value after damage has been deemed sufficient only when supported by other evidence of the nature and extent of the damage, such as a picture of the damaged vehicle, the cost and extent of required repairs, or other relevant evidence to provide the jury with some guide as to value, or the extent of the loss. It follows that the verdict and judgment, to the extent it includes any amount for property damage to the [tractor], is not supported by the evidence.' [Cit.]" *Standard Guaranty*, supra. Since appellee's testimony did not provide a framework for jury deliberation on the issue of damages, the trial court erred in denying directed verdict on this issue.

2. The discussion in Division 1 negates the need to address the remaining enumerations of error urged by Alexander, Brown and Old Republic. Since damages are not recoverable, appellee is not entitled to attorney fees. *Connell v. Houser*, 189 Ga. App. 158 (5) (375 SE2d 136) (1988).

*Judgment reversed in Case No. A90A0187. Judgment reversed in Case No. A90A0482. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 27, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*Lamar, Archer & Cofrin, Robert C. Lamar, David W. Davenport,* for appellant (case no. A90A0187).

*Richardson, Chenggis, Constantinides, Platon P. Constantinides,* for appellant (case no. A90A0482).

*Daryl G. LeCroy, Lord, Bissell & Brook, J. Robert Persons, David A. Herrigel, Kerry A. Quinn,* for appellee.