A93A1020. BATTEN et al. v. CHRYSLER CORPORATION.
(438 SE2d 647)

McMURRAY, Presiding Judge.

On October 30, 1988, Patricia Batten sustained severe head injuries when the 1978 Chrysler Lebaron automobile she was operating collided with another vehicle. Although wearing a seat belt at the time of the collision, Patricia Batten was hurled over the vehicle's collapsed steering column and into the instrument panel. Patricia Batten, and her spouse in a loss of consortium claim, sued Chrysler Corporation, alleging the seat belt retractor mechanism in the vehicle was defective; that the defective device caused the seat belt restraint to fail and that Patricia Batten suffered enhanced injuries as a result of the product defect.[1] Chrysler denied the material allegations of the complaint and filed a motion for summary judgment, asserting the ten-year statute of repose prescribed in OCGA § 51-1-11.

The trial court granted Chrysler's motion for summary judgment, finding that the Battens filed their complaint more than ten years after the first sale of the allegedly defective vehicle. This appeal followed. *Held*:

1. The Battens contend the trial court "[e]rred in granting summary judgment in favor of Chrysler Corporation as there are factual

---

[1] The Battens also alleged that the vehicle's steering system and instrument panel were defective because the steering column was designed to collapse upon collision, thus clearing the way for impact into an instrument panel which was not designed to reduce injury upon impact.

issues to be decided by a jury under O.C.G.A. Section 51-1-11 (c)."

(a) OCGA § 51-1-11 (b) (2) provides that no products liability action "shall be commenced pursuant to [OCGA § 51-1-11 (b)] with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury." OCGA § 51-1-11 (c) extends this ten-year limitation period "to the commencement of an action claiming negligence of a manufacturer as the basis of liability, except in an action seeking to recover from a manufacturer for injuries or damages . . . arising out of conduct which manifests a willful, reckless, or wanton disregard for life or property." OCGA § 51-1-11 (c). The issue of wilful, reckless, or wanton disregard for life or property is generally a matter for the jury. See *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 340 (7), 341 (319 SE2d 470).

In the case sub judice, Billy S. Peterson deposed that he was the Chief Project Engineer at the Vehicle Research and Test Center of the National Highway Traffic Safety Administration ("NHTSA") between August 1976 and January 1983; that Chrysler was under investigation by NHTSA prior to 1978 because of failures in the type of seat belt restraint system found in the vehicle driven by Patricia Batten (i.e., "inertia reel" seat belts) and that Chrysler's subsequent modifications to its inertia reel seat belt systems did not resolve the product defect. Peterson further deposed that Patricia Batten was wearing an inertia reel seat belt at the time of the collision and that the intrinsically defective seat belt resulted in improper passenger restraint, causing Patricia Batten to suffer enhanced injuries. There is also proof that inertia reel seat belts do not always function within Federal Motor Vehicle Safety Standards; that Chrysler could have avoided the safety hazard caused by use of inertia reel seat belts prior to 1978 via use of another passenger restraint system then available; that Chrysler then rejected use of supplemental ("air-bag") restraint systems as development of such a system was cost prohibitive and that Chrysler predicted (at a June 22, 1976, meeting with NHTSA officials) what it viewed as an acceptably low number of injuries resulting from use of inertia reel seat belts. This evidence and evidence that Chrysler failed to report inadequacies in its inertia reel seat belt system (after 30,000 vendor tests) is sufficient to authorize a finding that Chrysler acted with wilful, reckless, or wanton disregard for life or property in installing the allegedly defective inertia reel seat belt in the automobile driven by Patricia Batten.

(b) OCGA § 51-1-11 (c) further provides that "[n]othing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer." In this vein, Billy S. Peterson deposed that Chrysler was aware, before 1978, that inertia reel seat

belts (substantially the same as the device worn by Patricia Batten) failed about 20 to 50 percent of the time; that Chrysler informed its consumers (via a 1978 "Operating Instructions and Product Information" manual) that seat belts in 1978 Chrysler Lebaron automobiles would restrain passengers during sudden stops and impact and that Chrysler never warned customers of dangers associated with use of its inertia reel seat belts. This evidence is sufficient to authorize a finding that Chrysler breached its duty to warn of the alleged danger associated with use of the inertia reel seat belts.

The ten-year statute of repose prescribed in OCGA § 51-1-11 (c) does not preclude the Battens' claim for negligent manufacture and design and, to this extent, the trial court erred granting Chrysler's motion for summary judgment.

2. Both Chrysler and the Battens raise issues not properly asserted via enumeration of error.

" 'On appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration. (Cit.)' *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522) (1991)." *Dukes v. State*, 205 Ga. App. 678 (1) (423 SE2d 295). Consequently, this court is without jurisdiction to consider issues raised by the Battens and Chrysler, but not properly asserted via enumeration of error.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 19, 1993 —
RECONSIDERATION DENIED DECEMBER 1, 1993 — 

*Berrien L. Sutton, Hallman & Stewart, Ronald W. Hallman,* for appellants.

*Dillard, Bower & East, Terry A. Dillard, Bryant H. Bower, Jr., Walker & Sweat, Bruce M. Walker, Freeman & Hawkins, Joe C. Freeman, Jr., Stephen M. Lore, Charles R. Beans,* for appellee.

*King & Spalding, Chilton D. Varner, Lawrence A. Slovensky,* amicus curiae.