A94A2163. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. HUDSON.

(450 SE2d 286)

JOHNSON, Judge.

Willie Hudson drove a dump truck that collided with an automobile driven by Rhonda Murray. State Farm Mutual Automobile Insur-

ance Company insured Murray. State Farm sued Hudson, seeking subrogation for money it allegedly paid to cover damage to, and loss of use of, Murray's car. The trial court granted a directed verdict to Hudson because State Farm failed to present sufficient evidence of damages. State Farm appeals.

1. State Farm enumerates the trial court erred in refusing to allow its claim adjuster's testimony about a purported settlement check executed by State Farm to pay for the total loss of Murray's vehicle. State Farm's argument under this enumeration of error, however, does not address the court's refusal to allow the claim adjuster's testimony; rather, State Farm argues the court erroneously refused to admit a copy of the check into evidence either as a business record or as secondary evidence because the original check was not accessible. Because State Farm's specific enumeration of error concerning the court's refusal to allow the claim adjuster's testimony is not supported by any argument or citation of authority, it is deemed abandoned. See Court of Appeals Rule 15 (c) (2); *Stinson v. Allstate Ins. Co.*, 212 Ga. App. 179, 182 (3) (441 SE2d 453) (1994).

State Farm's arguments regarding the trial court's refusal to admit into evidence a copy of the check are not contained in the enumeration of error and therefore shall not be considered by this court. "On appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration." (Citations and punctuation omitted.) *Batten v. Chrysler Corp.*, 211 Ga. App. 173, 175 (2) (438 SE2d 647) (1993). Moreover, we cannot consider State Farm's arguments because the record does not contain the purported copy of the check. See *Dunwoody-Woodlands Condo. Assn. v. Hedquist*, 199 Ga. App. 91 (1) (403 SE2d 893) (1991).

2. State Farm contends the court erred in refusing to allow the claim adjuster to give his opinion of the value of Murray's car both before and after the collision. State Farm's failure to make a proffer of the expected opinion from the claim adjuster precludes appellate review of this contention. See *Rosequist v. Pratt*, 201 Ga. App. 45, 46 (2) (410 SE2d 316) (1991).

3. State Farm's claim that the court erred in striking testimony about the contents of the purported settlement check is without merit. Because State Farm never successfully introduced the check into evidence, any testimony concerning its contents was inadmissible hearsay. See OCGA § 24-3-1; *In the Interest of J. C.*, 163 Ga. App. 822 (1) (296 SE2d 117) (1982).

4. State Farm asserts the court erred in granting Hudson's motion for a directed verdict due to insufficient evidence of damages. "If there is any evidence creating a material issue of fact, a motion for a directed verdict cannot be granted." (Citations and punctuation omitted.) *Reeb v. Daniels Lincoln-Mercury Co.*, 193 Ga. App. 817, 819 (1)

(a) (389 SE2d 367) (1989); OCGA § 9-11-50 (a). Contrary to the trial court's ruling in the current case, there is some evidence creating a material issue of fact as to damages.

Because State Farm did not undertake to have repairs made to the automobile after the collision, the proper measure of damages is the difference in the before and after value of the vehicle. See *Reeves v. Crawford*, 185 Ga. App. 518 (364 SE2d 895) (1988). "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article in question but may testify as to its value if [she] has had an opportunity for forming a correct opinion. . . . The owner of property is considered to be qualified to state [her] opinion as to value." (Citations and punctuation omitted.) *Godowns v. Cantrell*, 186 Ga. App. 100 (366 SE2d 415) (1988). Here, Murray testified without objection that in her opinion the value of her car prior to the collision was approximately $16,000.

In addition to this direct evidence of the car's value prior to the collision, Murray also testified as to the vehicle's make and model, that it was new when she purchased it in 1988 or 1989 for $21,000, that it had been driven approximately 40,000 miles and was two years old at the time of the collision, that it had no prior damage and that it had been properly maintained. This additional testimony, even without Murray's opinion, was some evidence from which the jury could have formed an estimate as to the automobile's value before the accident. "As to everyday objects, such as automobiles, the jurors may draw from their own experience in forming estimates of market value. As to items of a common nature, the plaintiff need not offer any opinion evidence as to value and so long as the evidence contains facts upon which the jury may legitimately exercise their own knowledge and ideas, the question of value is properly left to the jury." (Citations and punctuation omitted.) *White v. Miller*, 194 Ga. App. 816, 817 (3) (392 SE2d 30) (1990).

State Farm also presented evidence of the value of Murray's vehicle after the accident. The claim adjuster testified the vehicle was a total loss and its salvage value was $4,333. State Farm introduced five photographs showing the damage to the vehicle. The salvage price by itself would not have been sufficient to prove the vehicle's post-collision value; however, that price along with the photographs and the testimony that the vehicle was a total loss provided enough evidence to let the jury decide the value of Murray's vehicle after the accident. See *George F. Brown &c. v. Knowles*, 196 Ga. App. 594, 596 (1) (396 SE2d 501) (1990).

Because State Farm presented some evidence of the vehicle's value both before and after the collision from which the jury could have determined damages, the trial court erred in granting Hudson's motion for a directed verdict. See *Valley Coaches v. Streett*, 160 Ga.

App. 25 (286 SE2d 313) (1981).
*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 14, 1994.

*Gilchrist M. Gibson,* for appellant.
*Waymon Sims,* for appellee.